UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Richard Stack | Andrew Pribe, AUSA |

**Proceedings:** Case No. 16-cv-01500: DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 14, filed June 30, 2016)

Case No. 16-cv-01558: DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 14, filed June 30, 2016)

Case No. 16-cv-01766: DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 16, filed June 30, 2016)

Case No. 16-cv-02160: DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 12, filed June 30, 2016)

## I. INTRODUCTION

On March 4, 2016, plaintiff Kimdun, Inc. ("plaintiff") filed the instant action against defendant United States of America ("the government" or "defendant"). Dkt. 1 (Complaint). The instant suit is one of four related cases involving essentially the same set of allegations. The others (collectively, "the related actions") are Dob-Sab, Inc., v. United States, No. 2:16-cv-01558-CAS-RAO (C.D. Cal. filed March 7, 2016); Dun-Dee, Inc., v. United States, No. 2:16-cv-01766-CAS-RAO (C.D. Cal. filed March 15, 2016; and Dorothy D, Inc., v. United States, No. 2:16-cv-02160-CAS-RAO (C.D. Cal. filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

March 30, 2016). All four cases involve corporations owned by an individual named Kim Dobbins, and all seek refunds from the Internal Revenue Service ("IRS") of delinquency-penalty payments. In brief, the plaintiff in each of these actions contends that because an outside payroll service (or that service's bank) embezzled money intended for plaintiff's employment-tax obligations, plaintiff should not be liable for delinquency penalties, and is therefore entitled to a refund of those delinquency penalties arising from its late payment of federal employment taxes.

On June 30, 2016, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. 14 ("Motion"). On July 25, 2016, plaintiffs filed an opposition to the government's motion. Dkt. 17 ("Opp'n"). On August 1, 2016, plaintiff filed a reply. Dkt. 18 ("Reply"). On August 15, 2016, the Court provided the parties with a tentative order and held oral argument on the instant motion.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Kimdun, Inc. is a California corporation with its principal place of business in Los Angeles, California. Complaint at ¶ 1. Kimdun, like Dob-Sab Inc., DunDee Inc., and Dorothy D Inc. (the plaintiffs in the related actions), is the owner-operator of a McDonald's restaurant franchise. Id. In total, these four corporations operate a total of five McDonald's restaurant franchises, all of which are owned by an individual named Kim Dobbins.

[1] The government has filed similar motions to dismiss in all three of the related cases. This order disposes of the motion to dismiss in the instant case, as well as all outstanding motions to dismiss in the related cases.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 2 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

Through the instant action, plaintiff seeks to recover penalties and related interest paid to IRS for plaintiff's alleged failure to make Federal tax deposits and failure to pay taxes regarding its payroll taxes for the quarters ended 3/31/2008, 9/30/2008, 3/31/2009, 9/30/2009, 12/31/2009, 3/31/2010, 6/30/2010, 9/30/2010, 3/31/2001, 9/30/2011, and 12/31/2011 (withheld income and Federal Insurance Contributions Act ("FICA") taxes reported on Form 941), and for the calendar years 2008, 2009, 2010, and 2011 (Federal Unemployment Tax Act ("FUTA") taxes reported on Form 940) (collectively, the "Subject Periods").

Plaintiff alleges that beginning "some 30 years ago," it engaged an outside payroll service, Copac Payroll Service ("Copac"), and its clearinghouse bank, Cachet Banq, Inc. ("Cachet"), a federally-authorized depositary, to process all aspects of plaintiff's payroll, including the issuance of paychecks to plaintiff's employees, the withholding of federal and state taxes from these paychecks, the preparation of employment tax returns, and the depositing of withheld taxes with the IRS. Id. at ¶¶ 5, 7. In recent years, plaintiff would electronically transfer the funds necessary for payroll and associated taxes from its bank account to Copac. Id. at ¶ 13. Plaintiff avers that it "reasonably relied upon the outside payroll service and the clearinghouse bank to discharge their duties to remit [p]laintiff's withheld employment taxes to the IRS," but instead, "[o]ne or both of [Copac or Cachet] absconded with [p]laintiff's timely submitted Federal Tax Deposits ('FTDs') for the Subject Periods," which were not remitted to the IRS, resulting in the imposition upon plaintiff of penalties and interest. Id. at ¶¶ 5-6.

In early 2009, plaintiff "learned that its payroll tax deposits to the IRS and the [State of California's Employment Development Department ("EDD")] had been embezzled, perhaps by Cachet and/or Moses Marquez, the owner of Copac." Id. at ¶ 11. Nonetheless, plaintiff appears to allege that it continued using Copac's services through the third quarter of 2012. See id. ("The embezzlement involved payroll tax quarters for the years 2007, *through and including the third quarter of 2012*.") (emphasis added). In July 2011, plaintiff filed a crime report related to the embezzlement with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

Los Angeles County Sheriff's Department in Bellflower, California. Id. at ¶ 13. In or about January 2012, representatives of the U.S. Treasury Inspector General's Office informed Mr. Dobbins that Cachet was the subject of a Federal grand jury investigation. Id. at ¶ 12.

On or about July 3, 2012, plaintiff filed Protests of the IRS's imposition of penalties for the Subject Periods (i.e., failure to pay tax ("FTP") penalties under 26 U.S.C. § 6651(a)(2), and failure to make federal tax deposit penalties under 26 U.S.C. § 6656(a)) with the IRS Office of Appeals on the ground that plaintiff had established "reasonable cause" for abatement of the assessed penalties. Id. at ¶ 19. Over a year later, on or about December 24, 2013, plaintiff filed a Claim for Refund and Request for Abatement (Forms 843) with the IRS for each Subject Period. Id. at ¶ 16. Plaintiff avers that the IRS has improperly failed and refused to issue refunds to plaintiff for all of the Subject Periods. Id. at ¶ 17.

In the operative complaint, plaintiff avers that once the electronic fund transfers ("EFTs") left plaintiff's payroll account, plaintiff "had no control or ability to ensure that the payroll company (Copac) and/or the bank (Cachet) had made the required FTDs." Id. at ¶ 20. In plaintiff's view, "[t]he only thing that [p]laintiff could do to ensure that the IRS and the EDD were paid the required deposits was to have sufficient funds on deposit in its payroll account, which it did for all pay periods at issue." Id. Plaintiff further alleges that a taxpayer "who entrusts the payroll tax deposit function to a hitherto reputable payroll service should *not* be required to second-guess the company or anticipate that funds will be stolen from it." Id. (emphasis in original). More specifically,

> Through no fault of Plaintiff, unscrupulous third parties illegally diverted the EFTs intended for the payment of Plaintiff's payroll taxes to their own purposes and failed to tender such amounts to the IRS. Plaintiff reasonably relied on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

> Copac to tender its tax deposits to the IRS and exercised reasonable business care and prudence in so doing. An employer, like Plaintiff, is entitled to rely on a professional payroll tax service, such as Copac, to deposit payroll taxes from the employer's sufficient available funds with a federal-authorized depositary, like Cachet, and to thereby discharge the employer's obligations under the Internal Revenue Code and related Treasury Regulations to pay over withheld payroll taxes.

Id. at ¶ 21.

Accordingly, plaintiff seeks (1) a determination that it is not liable for any of the FTP or FTD penalties or related interest thereon that the IRS assessed against it regarding its payroll taxes for the Subject Periods; (2) a determination that plaintiff is entitled to refunds of at least $123,278.00; and (3) the payment of its reasonable attorneys' fees and cost incurred in both the administrative proceedings before the IRS and in this litigation.[2]

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v.

[2] The plaintiff in Dob-Sab, Inc., v. United States, No. 2:16-cv-01558-CAS-RAO, seeks a refund of $75,101.00; the plaintiff in Dun-Dee, Inc., v. United States, No. 2:16-cv-01766-CAS-RAO, seeks a refund of $120,740.00; and the plaintiff in Dorothy D, Inc., v. United States, No. 2:16-cv-02160-CAS-RAO, seeks a refund of $105,606.43.

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 5 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 6 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

In this action, plaintiff contends that because its payroll service (or that service's bank) embezzled money intended for plaintiff's employment-tax obligations, plaintiff is not liable for delinquency penalties, and is accordingly entitled to a refund of delinquency penalties arising from its late payment of federal employment taxes. In the instant motion to dismiss, the government argues that plaintiff's arguments regarding its "reasonable cause" for late payment are foreclosed, as a matter of law, by the Supreme Court's decision in United States v. Boyle, 469 U.S. 241 (1985) and the Ninth Circuit's subsequent decision in Conklin Bros. v. United States, 986 F.2d 315 (9th Cir. 1993). For reasons explained in the discussion that follows, the Court agrees with the government and finds that plaintiff's complaint must be dismissed.

### A. "Reasonable Cause" under Internal Revenue Code sections 6651(a) and 6656(a)

Under Internal Revenue Code ("IRC") sections 6651(a) and 6656(a), a taxpayer who fails timely to file, pay, and deposit employment taxes shall be assessed a penalty,

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 7 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

"unless it is shown that such failure is due to *reasonable cause* and *not due to willful neglect*." See 26 U.S.C. §§ 6651(a), 6656(a) (emphasis added). As explained by the Supreme Court in Boyle, a taxpayer "bears the heavy burden" of proving both "(1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.' " Boyle, 469 U.S. at 245. Citing to the Treasury Regulations, the Court in Boyle stated that reasonable cause requires the taxpayer to "demonstrate that he exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time." Id. at 246 (quoting Treas. Reg. § 301.6651(c)(1)) (internal quotations omitted). The Court further explained that "willful neglect" may be interpreted as "a conscious, intentional failure or reckless indifference." Id. at 245. Ultimately, in determining whether "reasonable cause" exists under 26 U.S.C. §§ 6651(a)(2) and 6656(a), "what elements constitute reasonable cause is a question of law; whether those elements are present is a question of fact." Conklin, 986 F.2d at 317 (citing Boyle, 469 U.S. at 249 n.8).

As is relevant here, a corporation, like plaintiff Kimdun, "may establish reasonable cause and avoid late penalty fees under I.R.C. §§ 6651(a) and 6656(a) if it can show that it was *disabled* from complying timely." Conklin, 986 F.2d at 318 (citing Boyle, 469 U.S. at 248 n.6) (emphasis in original). Accordingly, plaintiff here alleges that it was "*disabled* . . . from timely paying its FTDs for the Subject Periods" because it "reasonably relied upon [an] outside payroll service and [a] clearinghouse bank to discharge their duties to remit [p]laintiff's withheld employment taxes to the IRS," and these entities "felonious[ly]" embezzled the funds rather then remit them to the IRS. Complaint at ¶ 7 (emphasis added).

In advancing its argument regarding "disability," plaintiff relies upon the Third Circuit's decision in Matter of American Biomaterials Corp., 954 F.2d 919 (3d Cir. 1992). In that case, the district court found that American Biomaterials Corporation's failure to file timely returns, make deposits, and pay taxes was due to "statutorily excused reasonable cause and not willful neglect." Id. at 921. Underlying the district court's

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 8 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** ‘O’

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

decision was the court’s finding that the company’s failure to comply with the tax laws was the result of embezzlement by the company’s CEO (who was also the Chairman of the Board of Directors) and its CFO (who was also the company’s treasurer). Id. According to the district court, the embezzlement by the people in charge of the company “incapacitated the corporation” and rendered it unable to comply with the tax laws. Id. at 921, 928. Accordingly, plaintiff here contends that the facts of the instant suit resemble Biomaterials in that plaintiff only failed to remit the withheld payroll taxes to the IRS “due to factors entirely outside of its control”—namely, the conduct of an outside payroll service and intermediary bank.

In its motion to dismiss, however, the government argues that plaintiff’s argument regarding “reasonable cause” is foreclosed as a matter of law by the Ninth Circuit’s decision in Conklin. In that case, a delinquent taxpayer-entity, Conklin Brothers of Santa Rosa, Inc. (“Conklin”), had hired a woman named Diana Stornetta as an accounts-payable clerk. Stornetta’s work “was closely supervised and reviewed” by the Conklin’s outside accountants for a year before she was promoted to office manager/controller. Id. at 315. As controller, Stornetta was in charge of Conklin’s employment tax obligations, including the preparation and filing of quarterly employment tax returns, the payment of employment taxes, and the desposiing of employment tax deposits. Stornetta was also in charge of Conklin’s general ledger and bank accounts.

Although Conklin had sufficient funds to make the relevant tax payments and deposits—and despite a series of “internal control[s] designed to prevent inaccuracies in payroll related activities”—Stornetta failed timely to make the necessary payments on Conklin’s behalf. Id. at 316. The IRS notified Conklin by mail that it was being assessed late penalty fees, but neither Conklin’s officers nor its accountants were aware of the assessments because for two years, Stornetta allegedly intercepted and screened the mail for IRS notices, altered check descriptions and quarterly reports to give the impression that late payments were timely, and concealed the deficiencies by performing all payroll

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 9 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

functions. Id. After Stornetta resigned, Conklin's president became aware of the late payments and associated penalties, and sought a refund after paying the penalties in full. Id.

The district court granted summary judgment in favor of the government, and the Ninth Circuit affirmed. The Ninth Circuit explained that while "Conklin reasonably assumed that its employee would comply with the statutes, *that is a matter between them and does not resolve the matter regarding Conklin's tax obligations*." Id. at 317 (emphasis added). Citing to the Supreme Court's decision in Boyle, the Ninth Circuit explained that Congress had "charged Conklin with an unambiguous duty to file, pay, and deposit employment taxes, and Conklin cannot avoid responsibility by simply relying on its agent to comply with the statutes." Id. (citing Boyle, 469 U.S. at 250) (emphasis added). The court distinguished the Third Circuit's decision in Biomaterials on the ground that the "deficient and improper conduct" of Conklin's controller, Ms. Stornetta, "was not largely beyond Conklin's control," id., at 318, since Stornetta's actions were subject to being supervised by Conklin's president, majority shareholder, and outside accountants. In contrast, "the criminal conduct committed by corporate officers and the Chairman of the Board of Directors [in Biomaterials] was beyond the corporation's control because they were the control people in the corporate structure," and, as such, "[s]upervision over such control people was not possible." Id.

Plaintiff here appears to suggest that its supervision of Copac and Cachet was similarly "not possible." In plaintiff's view, it "strains credulity that a taxpayer who entrusts the payroll tax depositary function to a hitherto-reputable payroll service should be required to secondguess the company or anticipate that funds will be stolen from it." Opp'n at 8. Plaintiff also contrasts the situation in Conklin, where the taxpayer's *employee* was responsible for the culpable conduct giving rise to the delinquency, with the instant case, where "no *employment relationship existed* between plaintiff and Copac," such that plaintiff had no control over the disposition of its funds after Copac made EFTs from plaintiff's payroll bank account to pay plaintiff's FTDs. Opp'n at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

Thus, at the heart of this action is plaintiff's contention that its good faith delegation—to a *third-party* agent—of the responsibility to pay taxes in a timely manner may constitute "reasonable cause" under IRC section 6651(a) 6656(a). The Court concludes, however—as the government argues—that the Supreme Court's decision in Boyle and its progeny make clear that "a taxpayer may not avoid the adverse consequences of the failure of its *agent* to perform the taxpayer's responsibility to timely file and pay federal taxes." Reply at 2 (emphasis added).

Boyle involved a taxpayer's reliance upon an outside agent—an attorney—to prepare and file a tax return. The Court first noted that the duty to file timely returns is "fixed and clear," and that "Congress intended to place *upon the taxpayer* an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations." Boyle, 469 U.S. at 249-50 (emphasis added). Thus, while "[e]ngaging an attorney . . . is plainly an exercise of the 'ordinary business care and prudence' prescribed by the regulations, 26 CFR § 301.6651-1(c)(1) (1984), . . . [this did] not provide an answer to the question [faced by the Court in Boyle]." As the Court explained,

> [t]o say that it was "reasonable" for the [taxpayer] to assume that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the [taxpayer's] obligations under the statute. Congress has charged the [taxpayer] with an unambiguous, precisely defined duty to file the return within [a particular time period]; extensions are granted fairly routinely. *That the attorney, as the [taxpayer's] agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute*.

Id. at 250 (emphasis added).

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 11 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

The Boyle Court acknowledged, however, that courts "have frequently held that 'reasonable cause' is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return, even when such advice turned out to have been mistaken." Id. In such an instance—i.e, "[w]hen an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." Id. at 251. By contrast, "one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due." Id.

Simply put, because "[i]t requires no special training or effort to ascertain a deadline and make sure that it is met," the "***failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)***." Boyle, 469 U.S. at 252 (emphasis added). Here, although plaintiff "submits that it has established reasonable cause for its failure to file timely file its returns and to pay its FTDs," plaintiff cites no authority in support of the proposition that reliance upon a third-party agent—even a payroll service that engages in fraud, unbeknownst to the taxpayer—may constitute reasonable cause" for failure timely to meet the requirements of IRC sections 6651(a) and 6656(a). Indeed, as the government rightly notes, numerous district courts have relied upon Boyle in finding plaintiff's argument regarding "reasonable cause" to be foreclosed as a matter of law.

For example, in Huffman, Carter & Hunt, Inc., v. United States, 317 F. Supp. 2d 816, 817 (S.D. Ohio 2004), the taxpayer, a franchisee of General Nutrition Stores, hired Automatic Data Processing ("ADP") to "perform its payroll processing and fulfill its employment tax filing and payment obligations." Under its agreement with the taxpayer, ADP regularly drafted checks from the taxpayer's account to pay the taxpayer's employees and to remit payments to the IRS. Id. In so doing, "ADP did not grant the plaintiff access to their books and records" or otherwise enable plaintiff "to conduct audits and exercise control over the use of its employee withholding escrows." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

Rather, plaintiff "used ordinary business care and prudence in retaining the outside payroll processing firm to fulfill these obligations on its behalf." Id. At the recommendation of the franchiser, the taxpayer-franchisee began using an outside accountant to process its payroll and pay its employment taxes. Id. The procedures used by the outside accountant were the same as those used by ADP; that is, the taxpayer gave limited authority to the accountant to draft checks on its account to satisfy the wage and tax obligations. Id. In 1998, the outside accountant fulfilled his obligations; the following year, however, he embezzled the taxpayer's employees' tax withholdings, and "immediately" thereafter, the taxpayer terminated the accountant's services. Id.

Despite the taxpayer's reliance upon an outside agent, the IRS imposed penalties on the taxpayer and sought to collect the unpaid taxes. The district court dismissed the taxpayer's complaint seeking review of the IRS Appeals Officer's decision not to abate the penalties or reduce the levies for the unpaid amounts. Id. at 818. In doing so, the district court observed that it "seem[ed] clear that the United States Supreme Court intended for the rule in Boyle to encompass the facts presented by the instant case." Id. at 821. In addition to relying upon Boyle, the court in Huffman relied upon a decision of the Sixth Circuit holding that "reasonable cause" justifying relief under the statute must necessarily *disable* the corporation from complying with the statute, rather than arise merely as a result of the "taxpayer's reliance on an agent employed by the taxpayer." Id. at 822 (quoting Valen Mfg. Co. v. United States, 90 F.3d 1190, 1193-94 (6th Cir. 1996)) (emphasis omitted). As the Sixth Circuit noted:

> From a policy standpoint, such a requirement is eminently reasonable. First, as noted by the Supreme Court in Boyle, "a taxpayer should not be penalized for circumstances beyond his control." Despite the lengths to which Valen Manufacturing went to ensure proper compliance with the tax laws, however, the fact remains that executive officers of the company did retain both oversight of [the agent's] work and ultimate

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 13 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

> responsibilities for tax liabilities. The circumstances resulting in the penalty assessment against Valen Manufacturing, therefore, were not beyond the taxpayer's control.

Valen, 90 F.3d at 1193-94 (internal citation omitted). Relying upon such language, the district court in Huffman concluded that "even accepting as true [p]laintiff's protestations that it exercised prudence in selecting and monitoring [the outside accountant] as he performed these services on its behalf, it is insufficient to warrant abatement of the penalties levied in this case." Huffman, 317 F. Supp. 2d at 822.

The decision in Pediatric Affiliates, P.A., v. United States, 2006 WL 454374 (D.N.J. 2006) is also on point. In that case, the taxpayer, Pediatric Affiliates, retained PAL Data to service its payroll accounting needs, including the payment of its employment taxes. Id. at * 1. The founder of PAL, Menachem Hirsch, embezzled the difference between one set of tax returns he prepared for the clients, and another set of returns reflecting a lower amount, which he delivered to the IRS along with the payment reflected on these false returns.

Based upon these allegations, the district court dismissed Pediatric's complaint seeking review of the IRS's rejection of its claim that it was not liable for the unpaid employment tax due to Hirsch's embezzlement. The court held that "[r]eliance on an agent . . . to properly pay a company's taxes is not reasonable cause because the agent's failure to do so does not render the company unable to fulfill its tax obligations." Id. at *5. Specifically, in a passage that applies with equal force to the instant suit, the court explained as follows:

> Pediatric has not shown that its failure to pay its payroll taxes for the year 1999 and first quarter of the year 2000 was the result of reasonable cause. Pediatric entrusted its payroll taxpaying obligations to PAL and Hirsch. As established in

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 14 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** ‘O’

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

> Boyle, Pediatric’s reliance on Hirsch, and Hirsch’s subsequent failure to properly perform the task assigned does not amount to reasonable cause. Pediatric’s situation is analogous to that of the plaintiff in Huffman. The plaintiff in Huffman relied on an outside payroll service. The service embezzled the plaintiff’s funds, resulting in tax deficiencies and penalties. Similarly, Pediatric relied on Hirsch. Assuming, as the court did in Huffman, that Pediatric exercised prudence in selecting and monitoring Hirsch, Pediatric still bears the ultimate responsibility to ensure its taxes are properly paid. Reliance on Hirsch did not render Pediatric unable to fulfill its tax obligations.

Pediatric Affiliates, 2006 WL 454374, at *6.

Here, the court similarly finds that plaintiff’s purportedly “reasonabl[e] reli[ance] upon the outside payroll service and the clearinghouse bank to discharge their duties to remit [p]laintiff’s withheld employment taxes to the IRS” does not, as a matter of law, constitute “reasonable cause” under IRC sections 6651(a) and 6656(a). See Conklin, 986 F.2d at 317 (“[W]hat elements constitute reasonable cause is a question of law; whether those elements are present is a question of fact.”) (citing Boyle, 469 U.S. at 249 n.8); see also Hood v. United States, 2007 WL 4190472, at *3 (E.D. Wash. Nov. 21, 2007) (where plaintiff “disagree[d] with the [IRS] Appeal Officer’s conclusions sustaining the IRS levy arguing that embezzlement caused him not to be current with his tax liabilities,” the court entered judgment in favor of the IRS because “case law demonstrates that embezzlement or delegating the responsibility to file taxes to another does not constitute reasonable cause for failing to pay tax liabilities”), aff’d sub nom. James G. Hood, D.D.S., M.S., P.S. v. United States, 329 Fed. App’x 88 (9th Cir. 2009).

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 15 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

### B. IRS Revenue Ruling 78-244 and the IRS Internal Revenue Manual

In its complaint, plaintiff also alleges that a particular 1978 IRS Revenue Ruling, as well as certain provisions of the IRS Internal Revenue Manual, support its claim for a refund in the instant action. Specifically, plaintiff alleges that the IRS's rejection of plaintiff's claim for a refund here "is contrary to and inconsistent with the provisions of" IRS Revenue Ruling 78-244. See Rev. Rul. 78-244 (IRS RRU), 1978-1 C.B. 433, 1978 WL 42088. Plaintiff avers that once it electronically transferred the funds to its agent, the funds were in the "constructive possession" of the government, pursuant to Revenue Ruling 78-244, which held that "[a] taxpayer's deposit of FICA and FUTA taxes and withheld income taxes in an authorized bank *is treated as payment of such taxes to the U.S. Treasury* even though such deposit is not received by the Department of the Treasury because of fraud, embezzlement, or bankruptcy of the bank." See id. (emphasis added).

Plaintiff's reliance upon Revenue Ruling 78-244 is misplaced. As the Ninth Circuit has explained,

> I.R.S. revenue rulings are entitled to the degree of deference articulated by the Supreme Court in [Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) and United States v. Mead Corp., 533 U.S. 218, 228 (2001)]. Under Skidmore, the weight given to an agency's interpretation depends on (1) the thoroughness and validity of the agency's reasoning; (2) the formality of the agency's interpretation; (3) the formality of the agency's action; and (4) all of those factors giving it the power to persuade, if lacking power to control. Mead, 533 U.S. at 228.

Taproot Admin. Servs., Inc. v. C.I.R., 679 F.3d 1109, 1115-16 (9th Cir. 2012). Revenue Ruling 78-244, which was issued in 1978, is only five brief paragraphs in length and

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 16 of 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

offers little by way of explanation as to the agency's reasoning or the facts underlying the ruling. More importantly, as the government notes in its motion to dismiss, Revenue Ruling 78-244 was issued before Congress required the Treasury Secretary to implement a system for the payment of employment taxes through electronic-funds transfers. See 26 U.S.C. § 6302(h) (enacted as part of the North American Free Trade Agreement Implementation Act, Pub. L. No. 103-182, § 523, 107 Stat. 2057 (1993)).

Today, under the *current* regulations governing the deposit and payment of employment taxes by electronic means—which apply to employment taxes attributable to payments made after December 31, 1992—funds are not deemed deposited unless the payment is made to the United States Government. See 26 C.F.R. § 31.6302-1(h)(8) ("A deposit of taxes by electronic funds transfer will be deemed when the amount is withdrawn from the taxpayer's account, *provided the U.S. Government is the payee* and the amount is not returned or reversed.") (emphasis added). Accordingly, Revenue Ruling 78-244 is not applicable in the instant case, even if, as plaintiff contends,"the IRS has not [expressly] withdrawn [it]." Opp'n at 11.

As to plaintiff's reference to the Internal Revenue Manual, the manual "does not have the force of law and does not confer rights on taxpayers[,]" as noted by the Ninth Circuit in Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006) (citing Carlson v. United States, 126 F.3d 915, 922 (7th Cir. 1997); see also Marks v. Commissioner, 947 F.2d 983, 986 n.1 (D.C. Cir. 1991). Thus, for example, the Sixth Circuit in Valen rejected the argument that the IRS Internal Revenue Manual "suggests that the situation present in this case might justify a finding of reasonable cause for the delinquent tax filings and payments" because the provisions of the manual only "govern the internal affairs of the Internal Revenue Service" and "do not have the force and effect of law." Valen, 90 F.3d at 1194 (citation omitted). Accordingly, plaintiff's reference to the manual here does not inform a different result in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:16-cv-01500-CAS(RAOx)<br>2:16-cv-01558-CAS(RAOx)<br>2:16-cv-01766-CAS(RAOx)<br>2:16-cv-02160-CAS(RAOx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | KIMDUN INC. v. UNITED STATES OF AMERICA<br>DOB-SAB, INC. v UNITED STATES OF AMERICA<br>DUN-DEE, INC. v. UNITED STATES OF AMERICA<br>DOROTHY D INC. v. UNITED STATES OF AMERICA | | |

## V. CONCLUSION

In accordance with the foregoing, the government's motion to dismiss the instant suit, Case No. 2:16-cv-01500-CAS-RAO, is hereby **GRANTED**. As explained *supra* at 1-2, based upon the Court's disposition of the instant motion to dismiss, the related actions—Case Nos. 2:16-cv-01558-CAS-RAO, 2:16-cv-01766-CAS-RAO, and 2:16-cv-02160-CAS-RAO—are similarly **DISMISSED**.

Plaintiff Kimdun and the plaintiffs in the related actions are granted **fourteen (14) days** from the date of this order to file amended complaints addressing (1) the deficiencies identified herein and (2) those issues addressed by the Court at oral argument on the instant motion.

IT IS SO ORDERED.

| | 00 : 04 |
|---|---|
| Initials of Preparer | CMJ |